UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-344-GWU

DEBRA CLOUD
O.B.O. JOHN JEFFERS,                                                    PLAINTIFF

VS.                           **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

## INTRODUCTION

John Jeffers, by and through Debra Cloud, his legal guardian, appeals from the negative administrative decision on an application for Child's Supplemental Security Income benefits. The case is before the Court on cross-motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 strict standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jeffers, a six year-old kindergartner, suffered from impairments related to internal tibial torsion (congenital leg bowing) and a phonological disorder. (Tr. 14).  Despite the child's impairments, the ALJ determined that he did not meet, medically equal, or functionally equal the requirements of any of the Listing of Impairments sections. (Tr. 14).  Therefore, the plaintiff could not be considered to be totally disabled.  (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

06-344-GWU   Cloud O.B.O. Jeffers

Substantial evidence supports the ALJ's findings.  No treating, examining or reviewing source of record indicated that Jeffers' condition met or medically equaled the requirements of a Listing.  Dr. William Underwood, a non-examining medical reviewer, addressed the issue of functional equivalence and opined that the plaintiff's impairments were "less than marked" in the domains of acquiring and using information, moving and manipulating objects, and in health and well-being. (Tr. 176-177).  The claimant was not found to be limited in the areas of attending and completing tasks, interacting and relating with others, and caring for himself. (Tr. 176-177).  These ratings are insufficient to satisfy the criteria for functional equivalence which require an "extreme" limitation in one domain or a "marked" limitation of ability in two areas.

Jeffers asserts that the ALJ should not have relied upon Dr. Underwood's opinion because he was not an examining source and provided very little explanation for his opinion.  The administrative regulations recognize that the state agency reviewers are "...highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. Section 416.927(f)(2)(I). Furthermore, no treating or examining source specifically contradicted the opinion of Dr. Underwood.  Thus, Dr. Underwood's opinion was sufficient to support the administrative decision.

The Court notes that the bulk of the medical and other evidence of record is consistent with Dr. Underwood's findings.  With regard to the domain of acquiring

and using information, Psychologist Phil Pack examined Jeffers and rated this area as being "fair to good" based on the history provided by Debra Cloud. (Tr. 106). This would not satisfy the required "marked" or "extreme" rating to functionally equal a Listing.[1] Pack administered the Vineland Adaptive Behavior Scales Test and the claimant's scores on this examination appeared to reflect a lack of training and acquisition rather than an inability to acquire these behaviors. (Tr. 104-105). His problems were related more to history of family dysfunction rather than mental retardation or significant developmental delay.[2] (Tr. 107). Cloud, the boy's guardian, reported during the administrative hearing that the child seemed to be doing okay with math and reading although he had some difficulty with speech. (Tr. 203). Pack noted problems with the pronunciation of F and R sounds but indicated that he was easily understood. (Tr. 103).

With regard to attending and completing tasks, Pack rated this ability as "below age appropriate but fair." (Tr. 106). "Fair" was defined as "ability in this area is limited but satisfactory." (Tr. 106). This rating would not suggest either the "marked" or "extreme" limitation required to functionally equal a Listing.

---

[1] A "marked" limitation is defined as one that "interferes seriously with the child's ability to independently initiate, sustain, or complete domain-related activities while an "extreme" restriction "very seriously interferes" with these functions. (Tr. 178).

[2] The child was removed from his home at the age of two as a result of abuse and neglect and then had an unsuccessful foster placement with another family. (Tr. 103).

With regard to interacting and relating with others, Pack rated Jeffers' ability as "fair to good." (Tr. 106). Cloud testified that the plaintiff got along well with his teacher and most other children. (Tr. 207). Thus, these reports do not suggest either the "marked" or "extreme" restriction of function required to functionally equal a Listing.

Pack rated Jeffers' ability in the area of caring for himself as "fair." (Tr. 106). Cloud indicated that he was able to feed himself. (Tr. 206). Occasionally, he needed help putting on his shoes. (Tr. 206). Again, these reports do not indicate the type of "marked" or "extreme" limitation of ability which would functionally equal a Listing.

The record also supports Dr. Underwood's finding that the impairment concerning Jeffers' ability to move about and manipulate objects was "less than marked." Dr. Richard Mier of the Shriners Hospital for Children noted that the boy's leg bowing problem was in the "moderate" range of severity." (Tr. 192). Cloud reported that the child had been able to participate in a summer basketball league for children. (Tr. 208-209). While the boy was said to have lagged behind the others, he was able to participate. (Tr. 210). Thus, these reports do not suggest the existence of more severe impairment than found by Dr. Underwood.

Finally, the Court notes that no physician of record indicated more severe impairments with regard to Jeffers' health and well-being than that found by Dr. Underwood.

5

06-344-GWU   Cloud O.B.O. Jeffers

Jeffers notes that Pack indicated he had been unable to perform a complete examination because of his late arrival. (Tr. 103). The plaintiff asserts that the examiner believed that he was developmentally delayed and indicted that additional testing should be performed after the claimant had attended school and received additional "opportunity, exposure and training." (Tr. 107). The claimant argues that a remand of the action is required to obtain such testing. However, Pack actually stated that <u>he did not believe</u> that Jeffers was developmentally delayed or mentally retarded. (Tr. 107). The examiner further indicated that while additional cognitive testing had been precluded by the plaintiff's late arrival, such testing would be unlikely to be valid in view of the claimant's cultural deprivation and lack of exposure. (Tr. 105). The examiner appeared to be confident that his examination results fairly characterized the boy's current functioning. (Tr. 103). Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of May, 2007.



**Signed By:**
<u>**G. Wix Unthank**</u>
**United States Senior Judge**